**In the United States Bankruptcy Court**

**for the**

**Southern District of Georgia**

**Statesboro Division**

FILED at 9 O'clock & 14 min A.M.
Date August 4, 2009
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: | Chapter 12 Case |
| RUFUS R. BRANNEN | Number 08-60719 |
| *Debtor* | |
| | |
| DURDEN BANKING COMPANY, INC. | |
| *Movant* | |
| v. | |
| RUFUS R. BRANNEN | |
| *Respondent* | |

### MEMORANDUM AND ORDER
### ON MOTION FOR RELIEF FROM STAY

#### FINDINGS OF FACT

Debtor's Chapter 12 case was filed on October 29, 2008. Durden Banking Company, Inc. ("Durden Bank") brings a motion seeking relief from the automatic stay in order to foreclose on its collateral under state law. 11 U.S.C. § 362. At the trial of the case, the parties stipulated a number of exhibits into the record. Included among these were Exhibits M-1 through M-22. The parties further stipulated that the value of the property per a professional appraisal is $475,000.00 and the debt outstanding to Durden Bank to secure

AO 72A
(Rev. 8/82)

that real estate is approximately $690,000.00. In accordance with those stipulations, the Movant's burden of proving lack of equity is met and the burden shifts to Debtor to prove that the property is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2). Included in the property subject to the security deed is a 131 acre tract and a 71 acre tract on which a residence is located. Debtor owns a one-quarter interest in the entire 200 acres, property which has been in his family for at least four generations. His mother and brother also pledged their respective interests in this tract to Durden Bank in order to assist Debtor in obtaining previous financing which is now owed.

Although Debtor's case was filed October 29, 2008, he has not engaged in any farming operations for crop year 2009. His plan moving forward involves planting a watermelon crop in April 2010 and harvesting it in June followed by planting a soybean crop in mid-summer for harvest in the fall. From these operations, he believes he can net $289,000.00, revenue largely from growing watermelons. Debtor intends to plant 25 acres of land that he owns and 75 acres of leased land for a total of 100 acres. He testified based on consultations he has had with other watermelon growers that he could produce 40,000 pounds of watermelons per acre, sell them at ten to fifteen cents per pound, a figure slightly lower than the price achieved for the 2009 season, and make the above projected net revenues with which he could fund a Chapter 12 plan. *See* Exhibit D-1.

His net farming income for 2009 is zero, his net farm income in 2008 was less than $20,000.00. He has never grown a watermelon crop in his farming career. He

proposes that no payments would be made to any creditors until September 2010 after the watermelon and soybean crops are harvested. Debtor explains that the secret to growing watermelon is not in the farming end but rather lies in successfully marketing the crop. He has been working during 2009 for Hendrix Farms which farms 30,000 acres of land in this area, a small portion of which is planted in watermelons. He believes based on his experience that he can successfully grow the crop but has no commitment for the crop year 2010 from Hendrix or any other source to either finance his working capital needs or to purchase his crop. There is no irrigation on the twenty-five acre portion of his family land. He will rely upon restoring an abandoned pond which is across the highway some 350 yards away and running irrigation lines under the road to that field.

Debtor's expert witness confirmed the planting costs, the yields, and the expected price for watermelon and believes that the Debtor's financing prospects are good, but was not able to testify with certainty as to the ultimate success or failure of the Debtor's 2010 plan. Debtor's amended proposed plan which was filed on July 9, 2009, would require funding of at least $6,000.00 per month in order to be successful.

## CONCLUSIONS OF LAW

Having considered all the evidence, I conclude that the Motion should be granted. 11 U.S.C. § 362(d) provides that on a creditor's request, stay relief shall be granted if (a) the debtor does not have equity in the collateral, and (b) the collateral is not necessary to an effective reorganization. As stated above, the parties were ultimately able to stipulate

that the total value of collateral pledged to Durden Bank is less than the amount of the debt. Therefore, the element of lack of equity is met.

The Court's determination then turns on whether the collateral in issue is "necessary to an effective reorganization." Establishing that element is the debtor's burden under 11 U.S.C. § 362(g)(2). The standard for determining what is necessary for an effective reorganization has been articulated in a number of cases. "Debtor needs to explain how income from [farming the land] will fund the farming operations and debt repayment." Peoples Bank v. Williamson (In re Williamson), Ch.12, Case No. 07-60416, Dckt. No. 110, pgs. 5-6 (March 24, 2008); see United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375-6, 108 S.Ct. 626, 633 (1988) (To meet this burden, Debtor must make "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means . . . that there must be 'a reasonable possibility of a successful reorganization within a reasonable time' . . . ).

Upon consideration of the expert testimony, coupled with Debtor's testimony and arguments made at trial, I conclude that the farm land at issue has not been demonstrated as necessary to Debtor's effective reorganization. Although the Debtor appears to be hard-working, energetic and optimistic, he failed to plant watermelons or any other crop in 2009 after he filed his case. No payments have been made to any creditor for nearly a year and that will have extended for a full two years before his proposed plan would call for any

such payment. The Debtor proposed planting a crop with which he has little, if any, experience and on paper might produce the sort of revenue which he anticipates. However, those estimates are subject to so many contingencies beyond those associated with the normal run-of-the-mill contingencies associated with the farming as to make it unrealistic. For this Court to refuse to grant the Bank's motion when its equity position is already $200,000.00 underwater and has interest accruing would be indefensible. For the foregoing reasons the Motion is granted and Durden Bank can proceed with its state law remedies.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Motion for Relief from Stay filed by Durden Banking Company, Inc., is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 3rd day of August, 2009.